IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOPHIA GRAHAM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2461-B |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Dallas Independent School District ("DISD") has filed a motion for summary judgment in this discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* For the reasons stated herein, the motion should be granted.

I.

Plaintiff Sophia Graham, an African-American female, was employed by DISD from 1993 until August 31, 2004. Most recently, plaintiff worked as a Specialist II in the Police and Security Department where she had a variety of responsibilities, including preparing crime analysis reports and conducting staff reviews of incident reports. Beginning in late 2001, plaintiff became an outspoken critic of her supervisor, Chief Manuel Vasquez, for his perceived mistreatment of African-American employees within the department. Plaintiff frequently expressed her dissatisfaction with Vasquez at DISD board meetings and in other public forums, where she criticized his plan to reorganize the Police and Security Department as racially discriminatory.

According to plaintiff, Vasquez and other DISD police officials reacted to this criticism by discriminating and retaliating against her and by subjecting her to a hostile work environment. Plaintiff complained of these actions in more than 20 grievances filed with DISD and nine charges of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") between 2002 and 2004. (*See* Def. MSJ App. at 193, ¶ 4 & 204, ¶ 5).

Five alleged instances of discrimination or retaliation are at issue in this case. The first incident occurred on September 8, 2003, when plaintiff was reprimanded by Deputy Chief Gary Hodges for twice exposing her firearm in public view while not in uniform in violation of departmental policy. No further disciplinary action was taken at that time. (*Id.* at 133). Two months later, on November 25, 2003, Hodges reprimanded plaintiff for errors and omissions in her District Index Crime Summary report.[1] Plaintiff was relieved of her staff review duties, reminded to double-check the accuracy of her work, and warned that "failure to follow the directives in this memo [] or to improve your performance . . . will result in more serious personnel actions." (*Id*. at 186-87). On December 1, 2003, plaintiff received a formal notice from Vasquez citing multiple instances of insubordination, inappropriate conduct, and performance failures. In addition to the incidents referred to in prior reprimands, Vasquez chided plaintiff for questioning directives from her supervisors, for attempting to record a meeting in violation of DISD policy, and for making racially inflammatory comments about other members of the police department both in written responses to reprimands and in public comments to the school board. As a consequence of such conduct, plaintiff was required to attend professional development and training classes and to comply with the requirements of a "specific work performance plan" developed by her supervisors.

---

[1] An audit conducted by Hodges revealed that plaintiff had underreported crimes committed on DISD property during the months of August, September, and October 2003 by 31.7%. (Def. MSJ App. at 186).

(*Id.* at 63-64). On January 14, 2004, Vasquez accused plaintiff of abandoning her work duties to attend a two-hour training class. Although plaintiff explained that she was not scheduled to report to work until after the class had concluded, an internal affairs investigation sustained the allegation. (*Id.* at 146-48). Plaintiff was reprimanded for her conduct and instructed to obtain supervisor approval before leaving her assigned duties. (*Id.* at 161).

During the next four months, plaintiff continued to engage her supervisors in debate over the scope and performance of her duties. (*See id.* at 164, 166, 167 & 171). Vasquez and Hodges viewed this conduct as insubordinate and highly inappropriate. (*Id.* at 178, ¶ 13 & 183, ¶ 7). Finally, on May 20, 2004, plaintiff was placed on administrative leave for allegedly ignoring an order from Vasquez to stop talking to a juvenile detainee who was in custody for felony possession of an illegal weapon on DISD property. (*Id.* at 98 & 177, ¶¶ 10-12). An internal affairs investigation determined that plaintiff not only violated a direct order from her supervisor, but also interfered with an ongoing criminal investigation by repeatedly interrupting the arresting officer while he was preparing an incident report and breached security by opening the door to a locked, secure area while engaging in a conversation with the suspect. (*Id.* at 67-71). Based on the results of that investigation and other performance issues, plaintiff was notified that her employment contract with DISD would not be renewed for the 2004-2005 school year. (*Id.* at 184, ¶ 14). Her contract expired on August 31, 2004. On November 15, 2004, plaintiff filed this action in federal district court alleging race discrimination, gender discrimination, and retaliation in violation of Title VII.[2] Defendant now moves for summary judgment as to all claims and causes of action. Plaintiff has filed a written

---

[2] Plaintiff also sued Vasquez, Hodges, and another supervisor, Samuel L. Allen, in their individual capacities and included claims under 42 U.S.C. § 1981 and for slander under Texas law. (*See* Plf. Orig. Compl. at 4, ¶ 15 & 5-6, ¶¶ 18-21). All claims, except the Title VII discrimination and retaliation claims against DISD, were previously dismissed by the court on motion of the defendants. *See* Orders, 4/25/05 & 4/26/05.

response to the motion and submitted an appendix of evidence, to which defendant objects. The court will consider these objections at the outset.

II.

Defendant objects to plaintiff's summary judgment response, parts of the declarations of Sophia Graham, Timothy Grey, Michael McKinney, and William Perry, and certain documents attached to the declarations. The objections are both procedural and substantive. As defendant correctly observes, plaintiff was required to file a response, a supporting brief, and an appendix of evidence on or before April 27, 2006--20 days after the motion for summary judgment was filed.[3] *See* LCivR 7.1(e) & LCiv R 56.1. However, plaintiff did not tender an appendix of evidence to the district clerk until April 28, 2006 and did not file her summary judgment response until April 30, 2006--one and three days late, respectively. Plaintiff has neither sought nor obtained leave of court to file these materials out-of-time. Nor has she demonstrated good cause for modifying the time limits established by the local rules for filing a response brief and an appendix of evidence. In fact, plaintiff offers no explanation whatsoever for her tardy filings and does not even respond to defendant's objections. For that reason alone, the court may decline to consider plaintiff's summary judgment response and appendix. *See Schwarz v. Potter*, No. 1-04-CV-075-C, 2005 WL 1148734 at *1 (N.D. Tex. May 16, 2005) (refusing to consider untimely summary judgment response filed without leave of court); *Nelson v. City of Watauga*, No. 4-03-CV-142-BE, 2004 WL 239748 at *1 (N.D. Tex. Jan. 13. 2004) (same).

Under ordinary circumstances, the court might overlook these untimely filings and consider plaintiff's summary judgment response and evidence in the interests of justice. But this is no ordinary case. Not only did plaintiff delay in filing her response and appendix, but the 16-page

---

[3] Defendant filed its motion for summary judgment and supporting materials on April 7, 2006.

response does not include any citations to her 275-page appendix of evidence. *See* LCivR 56.5(e) ("A party whose motion or response is accompanied by an appendix must include in its brief citations to each page of the appendix that supports each assertion that the party makes concerning the summary judgment evidence."). This makes it difficult, if not impossible, for the court to determine whether there are genuine issues of material fact for trial. *See, e.g. Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) (citations omitted) (court is not required to "comb the record" in search of summary judgment evidence); *Andrews v. CompUSA*, No. 3-00-CV-1368-D, 2002 WL 265089 at *3 (N.D. Tex. Feb. 21, 2002), *aff'd*, 54 Fed. Appx. 413 (5th Cir. 2002) (characterizing LCivR 56.5(c) as a "valuable tool for busy trial courts"). Moreover, this is not the first time plaintiff has failed to comply with the federal rules or a court order. Plaintiff, through her former attorney, also filed an untimely response to defendants' motion for partial judgment on the pleadings, which response was stricken by the court. *See* Order, 4/25/05 at 1 n.1. That ruling should have put plaintiff and her current attorney on notice of the importance of filing a summary judgment response in a timely manner. In addition, plaintiff and her attorneys have obstructed the orderly disposition of this case at every turn. When plaintiff failed to answer written discovery, defendant was required to file three different motions to obtain answers to interrogatories and document requests. The court first ordered plaintiff to answer discovery by July 18, 2005. *See* Order, 7/8/05. She failed to do so. The court then ordered plaintiff to answer interrogatories and produce responsive documents by November 22, 2005. *See* Order, 11/18/05. Plaintiff did not comply with that order until November 25, 2005--three days late. She also failed to supplement her interrogatory answers as agreed to by counsel. As a result of this conduct, the court sanctioned plaintiff $7,000.00 for discovery abuse. *See* Order, 4/10/06. Her attorneys have amassed another $71,709.85 in sanctions. *See* Order, 7/8/05

(sanctioning Phillip E. Layer $150.00);[4] Order, 11/18/05 (sanctioning John D. Copeland $1,335.00); Order, 1/10/96 (requiring Layer to reimburse defendants $70,224.85 in attorney's fees). Given plaintiff's history of delay and contumacious conduct, the court declines to excuse any further rules violations. *See El-Kaissi v. Martinaire, Inc.*, Civ. A. No. L-03-132, 2005 WL 2897055 at *2 (S.D. Tex. Nov. 3, 2005) (citing cases) (district courts have considerable discretion in deciding whether to strictly apply local rules or overlook any transgressions).

Plaintiff's response to defendant's motion for summary judgment and appendix of evidence are stricken from the record as untimely. The court will consider the summary judgment motion without the benefit of a response or any controverting evidence.[5]

III.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). Where, as here, the failure to comply with the local rules leads to the exclusion of summary judgment evidence, summary judgment may not be granted automatically.

---

[4] The court also sanctioned plaintiff $500.00, but directed Layer to pay the sanction in a subsequent order. *See* Order, 7/27/05.

[5] The resolution of this issue pretermits consideration of defendant's substantive objections to plaintiff's summary judgment evidence.

*El-Kaissi*, 2005 WL 2897055 at *5 (citing cases). However, the court may accept as true the undisputed facts adduced by the movant. *See White v. Simpson*, No. 3-04-CV-0728-D, 2006 WL 1007527 at *2 (N.D. Tex. Apr. 18, 2006) (Kaplan, J.) (citing cases). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

A.

The gravamen of plaintiff's complaint is that she was treated less favorably than similarly situated, non-black female employees and male employees with respect to hiring, compensation, promotion, and discipline and was retaliated against for opposing unlawful employment practices. Defendant contends that most of these claims are barred by limitations.

Under Title VII, an aggrieved party must file suit in federal district court within 90 days after being notified of her right to sue by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988). This limitations period is strictly construed and must not be "disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003). Although plaintiff filed nine different charges of discrimination with the EEOC, defendant maintains that only three of those charges are properly before the court:

| **Date** | **Charge No.** | **Allegation** |
|---|---|---|
| December 9, 2003 | 310-2004-00953 | Plaintiff was disciplined in November 2003 and December 2003 in retaliation for filing a prior EEOC charge and was harassed by management officials in weekly crime analysis meetings |

| August 3, 2004 | 310-2004-04118 | Plaintiff was placed on administrative leave and notified her contract would not be renewed because of her gender and race and in retaliation for participating in an EEOC investigation |
|---|---|---|
| September 15, 2004 | 310-2004-04628 | Plaintiff was discharged because of her gender and race and in retaliation for filing prior EEOC charges |

Plaintiff offers no argument, much less evidence, that any of her other discrimination and retaliation claims were filed within 90 days after receiving her right-to-sue letter. Accordingly, the only claims warranting further review are those involving the disciplinary actions taken against plaintiff in November and December 2003, her placement on administrative leave in May 2004, and her termination effective August 31, 2004.

B.

In the context of the remaining claims, defendant is entitled to summary judgment unless plaintiff presents sufficient direct or circumstantial evidence that would permit a reasonable trier of fact to find that her race, gender, or protected activity were motivating factors in the disciplinary actions taken by defendant. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2572 (2003). Alternatively, plaintiff may rely on circumstantial evidence to prove her discrimination and retaliation claims. First, plaintiff must establish a prima facie case of discrimination or retaliation, which "creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The burden then shifts to defendant to articulate a legitimate, non-discriminatory reason for its employment decision. *Id.*,

101 S.Ct. at 1093. If the defendant meets its production burden, the prima facie case disappears and plaintiff must "offer sufficient evidence to create a genuine issue of material fact . . . that the defendant's reason is not true, but is instead a pretext for discrimination [or retaliation.]" *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (internal quotations and citations omitted).[6]

Plaintiff has not adduced direct proof of discrimination or retaliation. Nor has she proved discrimination or retaliation by circumstantial evidence. Although defendant concedes that plaintiff is a member of a protected class, was qualified for the position she held, and suffered an adverse employment action, (*see* Def. MSJ Br. at 6-7), there is no evidence that plaintiff did not violate the work-place rules cited by defendant as a basis for its disciplinary action or that non-black female employees and male employees who engaged in similar acts were not punished similarly. *See Walker v. Norris Cylinder Co.*, No. 3-03-CV-1009-D, 2005 WL 2278080 at *6 (N.D. Tex. Sept. 19, 2005), *citing Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). Even if plaintiff could make out a prima facie case of discrimination or retaliation, there is no evidence to rebut the legitimate, non-discriminatory reasons articulated by defendant for the disciplinary actions taken against her in November and December 2003, for placing her on administrative leave in May 2004, and for terminating her employment effective August 31, 2004. To the contrary, the only evidence in the record shows that plaintiff was disciplined for violating departmental policies and for repeated instances of insubordination. Because plaintiff has failed to create a genuine issue of material fact for trial with respect to her discrimination and retaliation claims, defendant is entitled to judgment as a matter of law.

---

[6] The mixed-motive alternative for proving discrimination and retaliation under Title VII, endorsed by the Supreme Court in *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), is not applicable here because plaintiff does not concede that discrimination and retaliation were not the sole reasons for her discipline and termination. *See Richardson v. Monitronics International, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005).

**RECOMMENDATION**

Defendant's amended motion to strike plaintiff's summary judgment response and evidence [Doc. #117] is granted. Plaintiff's response to defendant's motion for summary judgment [Doc. #112] and appendix of evidence [Doc. #113] should be stricken from the record as untimely. Defendant's motion for summary judgment [Doc. #103] should be granted. All claims against defendant should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 29, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE