UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOPHIA GRAHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 04-CV-2461-B |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings and Recommendation of United States Magistrate Judge Jeff Kaplan ("Findings") made in connection with the summary judgment motion filed by Defendant Dallas Independent School District ("DISD") that was previously referred to the Magistrate Judge for recommendation. Having made a de novo review of the Findings and the portions thereof to which Plaintiff Sophia Graham ("Graham") has lodged objections, the Court is of the opinion that the Findings are correct, and they are hereby accepted as the findings and conclusions of this Court.

The Court believes, however, that it is appropriate to specifically comment on Graham's objection to the Magistrate Judge's decision to strike her summary judgment response brief and appendix from the record as untimely filed. DISD filed its summary judgment motion on April 7, 2006. Under Local Rule 7.1(e), Graham's response was accordingly due to be filed within 20 days thereafter, by April 27, 2006. *See* L.R. N.D. TEX. ("L.R.") 7.1(e). Graham missed that deadline. However, on April 28, 2006, Graham submitted an appendix of evidence. Two days later, on April 30, 2006, her response trickled in, three days after it was due. At no point did Graham seek leave

1

of Court to file these materials out-of-time.

In addition to being late, Graham's response was procedurally deficient in a number of ways. First, it was not accompanied by a separately filed brief as required by the local rules. L.R. 56.5(a). Second, the response failed to include a table of contents and authorities. L.R. 7.2(d). Third, Graham failed to number the pages of her appendix. L.R. 56.6(b)(3). Fourth, and most importantly, the response failed to include "citations to each page of the appendix that supports each assertion that the party makes concerning the summary judgment evidence." L.R. 56.5(c). While the response does specifically cite to a smattering of individual pieces of evidence contained in the appendix, no appendix page numbers are cited and, for the most part, the citations are incomplete, merely citing to the "App." with a blank next to it (*e.g.* "App. __") instead of including a page number.

The local rules of this Court are not idle requirements. The Fifth Circuit has explained that a district court does not have a duty to sift through the entire record to find evidence supporting a non-movant's opposition to summary judgment. *See Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Rather, the non-movant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [her] claim." *Bookman v. Shubzda*, 945 F.Supp. 999, 1004 (N.D. Tex. 1996) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). These requirements are furthered by the local rules requiring parties to number the pages of an appendix and to include in their briefs specific citations to each page of the appendix that supports each assertion. *See* L.R. 56.5(c), 56.6(b)(3). As the Magistrate Judge recognized, Graham's failure to comply with those rules frustrates the Court's ability to determine whether a genuine issue of material fact exists. (Findings at 5).

2

The Court appreciates that, were Graham's mere failure to timely file her response materials her only fault, this Court (like the Magistrate Judge) would be inclined to overlook such a small-scale misstep. But Graham has done more than simply file late papers. For example, as described above, the papers she did file fell far shy of what is required under the local rules. And, as documented by the Magistrate Judge, Graham has repeatedly failed to timely comply with court-imposed deadlines over the course of this case. (Findings at 4-6). While, admittedly, the quality of legal representation Graham has received throughout the life of this case can only (and charitably) be described as sub-par, litigants are bound by the actions of their chosen counsel. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (noting that petitioner freely selected his attorney as his representative "and he cannot now avoid the consequences of the acts and omissions of this freely selected agent."); *Sec. Nat'l Bank v. John Deere Co.*, 927 F.2d 519, 520 (10th Cir. 1991) ("[I]t is a fundamental principle of our representational legal system . . . that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client.").

It is important to further point out that Graham was not without an opportunity to cure her failure to file a timely and procedurally adequate response. On May 15, 2006, the DISD filed a motion to strike Graham's summary judgment materials based in part on her failure to timely file them or otherwise comply with the local rules. Graham never responded to the motion. Nor did she attempt to explain, much less show good cause, why she did not timely file her responsive materials, nor did she offer to correct the identified deficiencies of the materials she ultimately filed. Thus, Graham never sought from the Magistrate Judge an opportunity to correct her errors, and she must abide by the results.

For the foregoing reasons, the Court finds that the Magistrate Judge's decision to strike

3

Graham's summary judgment materials from the record was a correct one. Defendant's motion for summary judgment is GRANTED, and Graham's claims against the DISD are dismissed with prejudice. The Court will enter a judgment by separate instrument.

SO ORDERED.

August 24th , 2006

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE